IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOLLY SEXTON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC and | § | |
| WAL-MART REAL ESTATE BUSINESS | § | |
| TRUST | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC (incorrectly named as WAL-MART REAL ESTATE BUSINESS TRUST) ("Defendant") and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. STATEMENT OF GROUND FOR REMOVAL

On April 27, 2015, Plaintiff Molly Sexton ("Plaintiff") commenced an action in the County Court of Law of Walker County, Texas captioned "Cause No. 12077CV; *Molly Sexton v. Wal-Mart Stores Texas LLC and Wal-Mart Real Estate Business Trust* in which she sought personal injury damages allegedly resulting from an incident that occurred on or about December 23, 2013 (the "Incident"), at Wal-Mart Store #285 (the "Store") in Huntsville, Texas.

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Walker County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation was on May 6, 2015, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b).

## III. VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

According to her Original Petition, Plaintiff was a citizen of Walker County, Texas, at the time suit was commenced. *See* Exhibit A, Plaintiff's Original Petition, Page 1, Section I.

Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

Defendant, Wal-Mart Stores Texas, L.L.C., is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart Stores, Inc. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary

of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart Stores, Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §§ 1332, 1441.

The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that she slipped and fell due to water on the floor of the Store on December 23, 2013. *See* Exhibit A, Page 2, Section IV. As a result, Plaintiff brings forth claims of premises liability against Wal-Mart based on the Incident. *Id.* at Page 3, Section IV.

## VI. JURISDICTIONAL BASIS FOR REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the

amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

A.  **Amount in Controversy Exceeds $75,000.00.**

When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gebbia*, 233 F.3d at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

Here, it is facially apparent from the face of Plaintiff's petition that her claims are likely to exceed $75,000.00. As an initial matter, Plaintiff's lawsuit seeks a level 2 discovery level. This discovery level only applies to cases in which the amount in controversy is greater than $100,000. *Compare* TEX. R. CIV. P. 190.2 (level 1 – expedited actions), *with* TEX. R. CIV. P. 190.3 (level 2), *and* TEX. R. CIV. P. 169(a)-(b) (expedited actions only apply to claims of $100,000 or less). Additionally, Plaintiff contends she has suffered "much physical pain and mental anguish" in the past, and that she will continue to suffer same in the future. *See* Exhibit A at Pages 3-4, Section V. She also claims she has suffered past and future physical impairment, disfigurement, and loss of wages and earning capacity. *See id.* Finally, she alleges that she has sustained medical expenses in the past and will continue to sustain medical expenses in the

future. *See id.* These allegations establish it is facially apparent Plaintiff's Original Petition seeks damages in excess of $75,000.00.

As such, Defendants have provided ample evidence allowing the Court to determine that the amount in controversy will likely exceed $75,000.00.

**B.      Diversity of Citizenship**

As set forth, *supra*, Plaintiff is a citizen of the State of Texas. Defendant is a citizen of the State of Arkansas and Delaware. There are no non-diverse parties present in this action. As such, Defendant has established that complete diversity of citizenship exists between the parties to this action. Therefore, Defendant has satisfied the diversity element of its removal burden.

## VII. CONCLUSION

Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal was proper in this case.

## VIII. PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC prays that this Court find that the above-styled action now pending in the District of Walker County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

_____
John A. Ramirez
SBN. 00798450
Attorney In Charge
Julie C. Warnock
SBN. 24063574
5615 Kirby, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
jwarnock.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record pursuant to the FEDERAL RULES OF CIVIL PROCEDURE on this the _20_ day of _May_, 2015.

Bennie Rush
Law Offices of Bennie Rush
1300 11th St., Suite 300
Huntsville, TX 77340

_____
John A. Ramirez