United States District Court
Southern District of Texas
**ENTERED**
March 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOLLY SEXTON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-1356 |
| | § | |
| WAL-MART STORES, LLC AND WAL-MART REAL ESTATE BUSINESS TRUST, | § § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiff Molly Sexton's motion for remand. Dkt. 4. Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

On April 27, 2015, Molly Sexton commenced an action in the County Court of Law of Walker County, Texas, in which she sought personal injury damages resulting from a slip-and-fall that occurred on or about December 23, 2013 at a Wal-Mart store in Huntsville, Texas. Dkt. 1, Ex. 2. On May 20, 2015, defendant Wal-Mart Stores Texas, L.L.C. ("Wal-Mart") removed the suit to this court based on diversity jurisdiction. Dkt. 1. On May 21, 2015, Sexton filed a motion to remand (Dkt. 4), and Wal-Mart filed its response on June 3, 2015 (Dkt. 10).

### II. LEGAL STANDARD AND ANALYSIS

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (2012). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because

"removal jurisdiction raises significant federalism concerns." *Id.* (citations omitted). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Wal-Mart claims removal jurisdiction based on diversity of citizenship. Dkt. 1 at 1. Subject matter jurisdiction premised on diversity requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332 (2012). The only disputed issue is whether the amount in controversy requirement is satisfied.

When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id*. Wal-Mart removed the case on May 20, 2015. Therefore, Wal-Mart's supporting evidence must establish that the damages in this matter, as of May 20, 2015, were likely to exceed $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Wal-Mart points to the following evidence to support its claim that the amount in controversy exceeds $75,000:

- Sexton's lawsuit seeks a level 2 discovery, which only applies to cases in which the amount of controversy is greater than $100,000. Dkt. 10, Ex. 1 at 2; *see* Tex. R. Civ. P. 169(a)-(b) (expedited actions under level 1 only apply to claims of $100,000 or less).

- A demand letter, sent by Sexton's counsel on September 22, 2014, making a pre-suit demand of $150,000 and representing that Sexton had incurred medical expenses of at least $28,226.09. *See* Dkt. 10, Ex. 2.

As Wal-Mart points out, federal district courts have consistently considered demand letters as summary judgment evidence of the amount in controversy. *See, e.g., Escobedo v. Marmaxx Operating Corp.*, No. CIV.A. B-09-123, 2009 WL 1636245, at *2 (S.D. Tex. June 10, 2009) (considering a pre-suit demand letter where the court determined that the petition was sufficiently ambiguous as to the amount in controversy); *Watson v. Provident Life & Ace. Ins. Co.*, No. 3:08-cv-2065-G, 2009 WL 1437823, at *2 (N.D. Tex. May 22, 2009); *Lozano v. Schoellerman*, No. H-08-3069, 2009 WL 211080, at *2 (S.D. Tex. Jan. 28, 2009); *Molina v. Wal-Mart Stores Texas, LP.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) (relying solely on the pre-suit demand letter to establish the requisite amount in controversy as the plaintiff's petition failed to request a numerical amount of damages).

Here, Sexton asserts a claim for recovery of non-economic personal injury damages. The demand letter reflects that, as of September of 2014, Sexton believed this case was worth $150,000. Indeed, the demand letter suggests that $28,226.09 would compensate Sexton for her medical bills, and the remaining portion of that $150,000 ($121,733.91) would compensate Sexton for her non-economic injuries (pain and suffering, mental anguish, etc.). Based on the above evidence, the court finds that Wal-Mart has satisfied its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III. CONCLUSION

For the foregoing reasons, Sexton's motion to remand (Dkt. 4) is DENIED.

Signed at Houston, Texas on March 18, 2016.

	_____
	Gray H. Miller
	United States District Judge